UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RENE WILLIAMS                                                        CIVIL ACTION

VERSUS                                                               NO. 19-655

KEITH DEVILLE, WARDEN                                                SECTION: "G"(3)

**REPORT AND RECOMMENDATION**

Petitioner, Rene Williams, a Louisiana state prisoner, filed this federal habeas corpus application seeking relief pursuant to 28 U.S.C. § 2254. For the following reasons, it recommended that the application be dismissed with prejudice as untimely filed.

On March 19, 2013, petitioner pleaded guilty to possession with intent to distribute heroin and was sentenced to a term of fifteen years imprisonment without benefit of probation or suspension of sentence. He also pleaded guilty to possession of a firearm by a convicted felon and was sentenced on that offense to a concurrent term of fifteen years imprisonment without benefit of parole, probation, or suspension of sentence. He then also pleaded guilty to being a second offender and was resentenced as such on the heroin conviction to a term of twenty-five years imprisonment without benefit of probation or suspension of sentence.[1]

After petitioner filed an application for post-conviction relief, the state district court granted him an out-of-time appeal on December 2, 2014.[2] On November 19, 2015, the Louisiana

---

[1] State Rec., Vol. 2 of 6, transcript of March 19, 2013; State Rec., Vol. 1 of 6, minute entry dated March 19, 2013; State Rec., Vol. 1 of 6, plea forms.
[2] State Rec., Vol. 1 of 6, Order dated December 2, 2014.

Fifth Circuit Court of Appeal then affirmed his convictions and sentences.[3]  He did not seek review of that judgment by the Louisiana Supreme Court.

On or after February 17, 2017, petitioner filed an application for post-conviction relief with the state district court.[4]  That application was denied on June 14, 2017.[5]  His related writ applications were then likewise denied by the Louisiana Fifth Circuit Court of Appeal on August 16, 2017,[6] and the Louisiana Supreme Court on November 14, 2018.[7]

On January 23, 2019, petitioner filed the instant federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.[8]  The state has filed a response arguing that the application should be dismissed as untimely.[9]  The state is correct.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner is generally required to bring his Section 2254 claims within one (1) year of the date on which his underlying state criminal judgment became "final." 28 U.S.C. § 2244(d)(1)(A).[10]  With respect to determining the date of finality, the United States Fifth Circuit Court of Appeals has explained:

---

[3] State v. Williams, 179 So. 3d 878 (La. 2015); State Rec., Vol. 2 of 6.  While that appeal was pending, petitioner filed another application for post-conviction relief with the state district court.  State Rec., Vol. 1 of 6.  That application was denied as premature on January 30, 2015.  State Rec., Vol. 1 of 6, Order dated January 30, 2015.
[4] State Rec., Vol. 4 of 6.  Federal habeas courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system."  Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006).  The date on which that occurred with respect to petitioner's post-conviction application is not apparent from the record.  However, because petitioner signed the application on February 17, 2017, he obviously placed the application in the prison mail system on or after that date.
[5] State Rec., Vol. 4 of 6, Order dated June 14, 2017.
[6] Williams v. Deville, No. 17-KH-399 (La. App. 5th Cir. Aug. 16, 2017); State Rec., Vol. 5 of 6.
[7] State ex rel. Williams v. State, 256 So. 3d 268 (La. 2018); State Rec., Vol. 6 of 6.
[8] Rec. Doc. 1.  "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court."  Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).  Petitioner has declared under penalty of perjury that he placed his application in the prison mail system on January 23, 2019.  Rec. Doc. 1, p. 15.
[9] Rec. Doc. 7.
[10] Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). *However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires."* Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
>
> *Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. See* Foreman, *383 F.3d at 338-39.  As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. See* Causey v. Cain, *450 F.3d 601, 606 (5th Cir. 2006);* Roberts, *319 F.3d at 693.  Louisiana Supreme Court Rule X, § 5(a) states that an application "to review a judgment of the court of appeal either after an appeal to that court ... or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal."*

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008) (emphasis added).

As noted, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's convictions and sentences on direct review November 19, 2015.  Accordingly, his state criminal judgment became final for AEDPA purposes no later than December 21, 2015, when his thirty-day deadline expired for seeking further direct review.[11]  His one-year federal limitations period therefore commenced on that date and then expired on December 21, 2016,[12] unless that federal deadline was extended through tolling.

---

[11] Because the thirtieth day here fell on a Saturday, petitioner had until Monday, December 21, 2015, to seek such review.  See La. Code Crim. P. art. 13; La. Rev. Stat. Ann. § 1:55.

[12] The Court is aware that, because 2016 was a leap year, the three-hundred-sixty-fifth day of petitioner's one-year period was December 20, 2016. However, courts have held that it is the "anniversary date" on which the AEDPA's statute of limitations expires, regardless of the existence of an additional day due to a leap year.  See, e.g., United States v. Hurst, 322 F.3d 1256, 1261-62 (10th Cir. 2003); United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir.

3

The Court first considers statutory tolling. The AEDPA provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, petitioner had no such applications pending before the state courts on or before December 21, 2016.[13] Therefore, he clearly is not entitled to statutory tolling.[14]

The Court must next consider equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks omitted); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence

---

2000); Wilson v. LeBlanc, Civ. Action No. 12-2577, 2013 WL 4648474, at *2 n.14 (E.D. La. Aug. 29, 2013); Zeno v. Louisiana, Civ. Action No. 06-4096, 2009 WL 3190461, at *3 n.17 (E.D. La. Sept. 30, 2009).

[13] The only application petitioner filed in the state courts during that one-year period was a motion for production of documents. State Rec., Vol. 4 of 6. However, an application seeking the production of documents is not considered an application "for State post-conviction or other collateral review" for tolling purposes because it is preliminary in nature and does not directly call into question the validity of a petitioner's conviction or sentence. Higginbotham v. Tanner, Civ. Action No. 10-1130, 2011 WL 3268128, at *1 (E.D. La. July 29, 2011); Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n.22 (E.D. La. May 1, 2002), certificate of appealability denied, No. 03-30107 (5th Cir. June 23, 2003); Boyd v. Ward, Civ. Action No. 01-493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), certificate of appealability denied, No. 01-30651 (5th Cir. Aug. 22, 2001).

[14] Although petitioner subsequently filed a post-conviction application on or after February 17, 2017, applications filed after the expiration of the federal statute of limitations have no bearing on § 2244(d)(2) tolling determinations. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4 (E.D. La. July 24, 2000), aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Simply put: once the federal limitations period has expired, "[t]here [i]s nothing to toll." Butler v. Cain, 533 F.3d 314, 318 (5th Cir. 2008).

demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

The Court also notes that the United States Supreme Court has held: "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). That said, the Supreme Court took care to note: "We caution, however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). By entering his unconditional plea, petitioner has already conceded under oath that he in fact committed and was guilty of the crimes of which he stands convicted. Further, even if McQuiggin applies in the context of a guilty plea, petitioner has not made a colorable showing that he is actually innocent in light of "new evidence."

Because petitioner is not entitled to statutory tolling, and because he has not established that he is eligible for equitable tolling or that the McQuiggin "actual innocence" exception applies, his federal application for habeas corpus relief had to be filed no later than December 21, 2016, in order to be timely. His application was not filed until January 23, 2019, and, therefore, it is untimely.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the federal application seeking habeas corpus relief filed by Rene Williams be **DISMISSED WITH PREJUDICE** as untimely filed.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this sixth day of March, 2019.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**